IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Appellant,

     v.

CATHERINE HENRICKS,

                    Appellee.

OPINION and ORDER

21-cv-517-jdp

The United States appeals a bankruptcy court order granting in part appellee Catherine Henricks's motion for contempt and sanctions. Catherine's ex-husband, John Henricks, is not a party to this case, but his criminal proceedings are relevant to this appeal. For clarity, the court will refer to the Henrickses by their first names.

The bankruptcy court concluded that the government had committed violations of the automatic stay and discharge injunction. But it did not determine the amount of Catherine's damages or attorney fees. It appeared that the bankruptcy court's order was not final, which would mean that this court did not have jurisdiction over this appeal. *See* 28 U.S.C. § 158(a)(1). The court directed the parties to show cause why the appeal should not be dismissed for lack of jurisdiction. Dkt. 10.

The court has received the parties' submissions. Catherine does not object to dismissal. Dkt. 12. The government contends that jurisdiction is proper because a bankruptcy court order on the merits of a sanctions motion is final even if the court did not set the amount of an attorney fee award. Dkt. 11. But the bankruptcy court did not address the issue of whether Catherine was entitled to other types of damages, so it did not fully resolve the parties' dispute. The court will dismiss the appeal without prejudice.

BACKGROUND

This case has a long and complicated history, spanning proceedings in four separate courts over eight years. But only a few facts are relevant to the jurisdictional issue. This appeal arises out of the United States' efforts to recover restitution for crimes committed by John Henricks, the ex-husband of appellee Catherine Henricks. Three of the government's actions are relevant here. First, in 2014 the government filed a motion for default in John's criminal case asking the court to order that restitution be paid from a tax refund and retirement account that belonged, in part, to Catherine. Second, in 2015 the government filed a motion in John's criminal case contending that Catherine did not have a legitimate interest in the refund or retirement account on the ground that John's criminal activities had unjustly enriched the Henricks' marital estate. Third, in 2020 the government refused to void its restitution lien on Catherine's home in Amherst, Wisconsin, on the ground that its lien attached to John's property interest in the home.

In 2021, Catherine filed a motion for contempt and sanctions against the government in bankruptcy court, contending that those actions were improper attempts to collect Catherine's debts. Catherine's sanctions motion requested attorney fees and actual damages for the alleged violations. *See In re Catherine A. Henricks*, No. 14-12042, Dkt. 138 at 2. The parties agreed to bifurcate proceedings so that the bankruptcy court could determine liability before taking up the issue of damages. *See* Dkt. 2-2, at 32. The bankruptcy court concluded that the government violated the automatic stay by seeking restitution from Catherine's tax refund and retirement account in its motion for default in John's criminal case. It also concluded that the government violated the discharge injunction by pursuing an unjust enrichment claim against Catherine and by refusing to remove its restitution lien on her home.

2

The court avoided the restitution lien and scheduled a hearing on Catherine's "entitlement to and the amount of attorneys' fees." Dkt. 2-1, at 2. Before that hearing took place, the government appealed to this court.

ANALYSIS

The finality of an order in a bankruptcy case is "considerably more flexible than an ordinary civil appeal." *In re Smith*, 582 F.3d 767, 776 (7th Cir. 2009). A bankruptcy order is considered final for purposes of appeal when it "definitively resolves a discrete dispute within the larger case." *Id*. Orders deciding a discrete issue within a dispute do not necessarily terminate the entire dispute. *See In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008). An order resolves a dispute if the order would have been final had the dispute been brought as a stand-alone case. *Id.* In the context of a motion for contempt and sanctions, a bankruptcy court's order determining that a creditor violated the automatic stay or discharge injunction is not final until the court has determined the appropriate sanction. *See Hazelton v. Bd of Regents for the Univ. of Wis. Sys.*, 952 F.3d 914, 918 (7th Cir. 2020). Accordingly, an order deciding the merits of a sanctions motion is not final if the court has not set a damages award. *See id.*; *In re Behrens*, 900 F.2d 97, 100 (7th Cir. 1990).

The government contends that the bankruptcy court's order was final because the only issue it did not resolve was the amount of Catherine's attorney fee award. It cites *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202–03 (1988), for the proposition that a decision on the merits is a final decision even if the award or amount of attorney's fees for the litigation remains to be determined. This is the case even if the statute or contract giving rise to the fee claim treats the award of fees as part of the case's merits. *See id.* at 202; *see also Ray Haluch*

3

*Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, 571 U.S. 177, 185–86 (2014). *Budinich* was about appeals from district court rulings under 28 U.S.C. § 1291, not appeals from bankruptcy court rulings brought under 28 U.S.C. § 158. But several courts of appeals have applied *Budinich* to bankruptcy cases on the ground that the same standards should govern adversary proceedings in bankruptcy and ordinary civil actions. *See In re Torres*, 432 F.3d 20, 23 (1st Cir. 2005); *In re Porto,* 645 F.3d 1294, (11th Cir. 2011) (collecting cases). The Seventh Circuit has not addressed whether *Budinich* applies to bankruptcy cases. But given the similarity between a standalone civil case and an adversary proceeding within a bankruptcy case, it makes sense to apply *Budinich* to this appeal.

But even under *Budinich*, the bankruptcy court's order in this case was not final because it did not resolve the issue of whether Catherine was entitled to damages other than attorney fees.[1] The bankruptcy court determined that the government had violated the automatic stay and discharge injunction, but its order did not address Catherine's request for actual damages. Catherine didn't specify what her actual damages were in her motion for sanctions, and the parties did not brief the issue in the bankruptcy court. But Catherine contends in this appeal that she is entitled to damages for emotional distress. Dkt. 8, at 21.

The government contends that the only issue left to resolve was the amount of an attorney fee award because the court scheduled a hearing on Catherine's "entitlement to and the amount of attorney fees," Dkt. 2-1, but it did not schedule a hearing on other types of

---

[1]Catherine's brief suggests that she seeks fees for time spent contesting the government's motions in John's criminal case. *See* Dkt. 8, at 21. Those fees may fall outside the rule in *Budinich* because they were not incurred as part of the bankruptcy litigation. But the bankruptcy court didn't specify whether it planned to award those fees, so this court will not dismiss the appeal on that ground.

4

damages. But a ruling that Catherine may be entitled to attorney fees is different from a ruling that she is not entitled to other forms of relief. The court's opinion does not suggest that it meant to foreclose an award of actual damages. The court twice noted that the parties had not been heard on the question of damages. Dkt. 2-2, at 32, 44. Moreover, the government's briefing on appeal in this court raised arguments about Catherine's entitlement to damages that the bankruptcy court did not address in its order, *see* Dkt. 7, at 47, which shows that there was more left for the court to resolve than the amount of an attorney fee award.

Because the bankruptcy court did not determine whether Catherine was entitled to damages, this case is distinguishable from the cases cited by the government. In *In re Empresas Martínez Valentín Corp.*, 948 F.3d 448, 452 (1st Cir. 2020), the bankruptcy court's sanctions order was appealable because it awarded the movant damages and "otherwise disposed of all claims and issues in the case, save for [the movant's] request for costs and attorneys' fees." And in *In re Asset Enhancement, Inc*., No. 21-60777-CIV-SMITH, 2022 WL 1311113, at *4 (S.D. Fla. Mar. 28, 2022), the court concluded that a bankruptcy court order was final because it denied the movant's request for punitive damages and "addressed every area of [the movant's] prayer of relief except for [its] request for reasonable attorney's fees and costs." Here, the bankruptcy court did not address Catherine's request for actual damages, so its order did not dispose of all of her requests for relief.

The government also contends that the bankruptcy court's decision to avoid the restitution lien on Catherine's home is itself an appealable final order. But the validity of the restitution lien is part of the larger dispute about whether the government's actions violated the discharge injunction and, if so, the proper remedy for those violations. For the reasons stated above, that dispute has not been fully resolved. This court does not have jurisdiction

over orders that decide discrete issues within a single dispute. Because the bankruptcy court did not determine the appropriate remedy for the government's violations, its order was not final. This appeal must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that this appeal is DISMISSED without prejudice for lack of jurisdiction.

Entered November 22, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge